UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRK RISHOR,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C14-1996JLR<br><br>ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |

## I. INTRODUCTION

Before the court is Petitioner Kirk Rishor's motion to vacate, set aside or correct his sentence. (Mot. (Dkt. # 1).) Mr. Rishor, appearing *pro se*, brings his motion pursuant to 28 U.S.C. § 2255. (*Id.*) Respondent United States of America ("the Government") opposes the motion. (Resp. (Dkt. # 22).) Having considered Mr. Rishor's motion, the documents filed in support thereof and opposition thereto, the balance of the record, and the relevant law, the court DENIES Mr. Rishor's motion.

ORDER - 1

## II. BACKGROUND

Mr. Rishor is serving a 132-month sentence following a plea of guilty to conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and illegal use of a communication facility (U.S. Mail). *United States v. Rishor*, No. CR10-0378MJP (W.D. Wash.), Dkt. # 176. Mr. Rishor's plea bargain included agreements that he would not be sentenced as a career offender and the Government would recommend a sentence within the Guideline Range for the amount of drugs to which Mr. Rishor had pleaded guilty of possessing. *Id.*, Dkt. # 139, at 7. The sentence that Mr. Rishor received reflected those agreements. *Id.*, Dkt. ## 174, 176.

Concurrent with a motion under 28 U.S.C. § 2254 that collaterally attacked one of his underlying convictions, *see Rishor v. Ferguson*, No. C11-1492MJP (W.D. Wash.), Mr. Rishor filed this motion seeking to set aside his guilty plea. United States District Judge Marsha J. Pechman granted the Section 2254 petition and set aside one of Mr. Rishor's previous state court convictions. *Id.*, Dkt. # 66. The Attorney General for the State of Washington appealed that decision, and the Ninth Circuit reversed the decision and reinstated the conviction. *Rishor v. Ferguson*, 822 F.3d 482 (9th Cir. 2016).

The court had stayed the instant Section 2255 matter pending resolution of Mr. Rishor's Section 2254 petition. (6/17/15 Order (Dkt. # 10); 5/27/16 Order (Dkt. # 12).) Upon the Ninth Circuit's reversal and reinstatement of Mr. Rishor's state conviction, Mr. Rishor's Section 2255 became ripe for consideration. Mr. Rishor raises several grounds for relief:

- Mr. Rishor's plea was involuntary and his sentence is in error (*see* Mot. at 21-22; Reply (Dkt. # 24) at 2);
- Mr. Rishor's plea was unconstitutionally taken before a United States magistrate judge (*see* Mot. at 22-25; Reply at 2); and
- Ineffective assistance of counsel (*see* Mot. at 5-27; Reply at 2-4).

The court analyzes these arguments in turn and, in that analysis, draws on such facts as are required to examine the purported bases for Mr. Rishor's requested relief.

### III. ANALYSIS

#### A. Evidentiary Hearing

As a preliminary matter, the court finds it unnecessary to hold an evidentiary hearing. Such a hearing must be held under Section 2255 unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). The court need not hold a hearing "if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted). The record in this matter forms a sufficient basis upon which to adjudicate Mr. Rishor's claims, and the court accordingly declines to hold an evidentiary hearing.

#### B. Involuntary Plea or Erroneous Sentence

Mr. Rishor appears to base his argument that he received his sentence in error on the fact that, although the presentence report and police reports reflected that he was

ORDER - 3

found in possession of 3.6 grams of methamphetamine, his plea agreement and the sentence that he received were based on a statute governing possession of 5 to 20 grams. *United States v. Rishor*, No. CR10-0378MJP, Dkt. ## 139, 176. That statute carried a minimum mandatory sentence of five years. *See id.*, Dkt. # 139 at 3 (citing 21 U.S.C. § 851).

This discrepancy relates to Mr. Rishor's claim that his plea was involuntary in the following fashion. Mr. Rishor argues that he faced a difficult choice: either accept the plea offer or go forward with his case and "face thirty to life." (Mot. at 21.) It is clear, however, that in exchange for Mr. Rishor's plea to a greater quantity of drugs than were actually discovered in his possession, the Government's counsel agreed to not seek a career offender enhancement against Mr. Rishor and thereby subject him to the possibility of doing "thirty to life." *See United States v. Rishor*, No. CR10-0378MJP, Dkt. # 139 at 7. Mr. Rishor alleges that this transaction was involuntary because he felt he had little choice other than to take the offer. (Mot. at 21-22.) Further, Mr. Rishor argues that his successful Section 2254 petition, which invalidated one of the convictions on which his potential career offender designation was predicated, exacerbates this inequity.

Mr. Rishor's argument fails for two reasons. First, the Ninth Circuit overturned this court's order granting his Section 2254 petition and reinstated his underlying conviction. 822 F.3d 482. In other words, he was indeed eligible for a career offender enhancement, which could have earned him a longer sentence than he received. Second, although Mr. Rishor's choices were difficult, the record clearly shows that he had a

ORDER - 4

choice whether to take the Government's plea offer. He cites no case law, and the court is aware of none, that having to choose between two unattractive alternatives constitutes an "involuntary" choice. The court finds it is not and rejects Mr. Rishor's first argument.

### C.    Plea Taken by a Magistrate Judge

Mr. Rishor also argues that the magistrate judge who originally took his guilty plea was not constitutionally authorized to do so. He correctly points out that the Federal Magistrates Act, 28 U.S.C. § 636, does not expressly empower magistrate judges to accept felony guilty pleas. (Mot. at 8.) He then incorrectly argues that doing so is an unconstitutional act. (*Id.* at 8-9.)

Mr. Rishor cites no case law that supports his position. (*See id.*) Every circuit that has examined this issue has held that the Federal Magistrates Act authorizes magistrate judges who act with a defendant's consent to take felony pleas. *See, e.g., United States v. Reyna-Tapia*, 328 F.3d 114, 1118-22 (9th Cir. 2003). The record in Mr. Rishor's underlying criminal matter reflects that, on August 23, 2011, he executed a consent to Rule 11 plea form to enter a guilty plea before a magistrate judge. *United States v. Rishor*, No. CR10-0378MJP, Dkt. # 138.

The court rejects Mr. Rishor's argument that his plea was unconstitutionally taken by a magistrate judge.

### D.    Ineffective Assistance of Counsel

Mr. Rishor's ineffective assistance of counsel arguments are measured against the framework of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a party attempting to establish ineffective assistance of counsel to prove that (1) "counsel's

ORDER - 5

representation fell below an objective standard of reasonableness," and (2) there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

Proof of the first element of the test necessitates a showing that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Judicial scrutiny of such acts is deferential; the movant must overcome a strong presumption that counsel's performance was within a broad range of reasonably effective assistance. *Id.* at 689. The "reasonable probability" required to establish the second element is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his original petition, Mr. Rishor bases his ineffective assistance argument on counsel's failure to put on the record at sentencing that Mr. Rishor had a Section 2254 petition pending that, if successful, would require resentencing. (Mot. at 25-27.) Even had Mr. Rishor's Section 2254 petition ultimately succeeded, it is difficult to see how announcing its existence at his original sentencing would have impacted the sentence that Mr. Rishor received. But because the Section 2254 petition was ultimately unsuccessful, this argument is moot.

In his reply brief, Mr. Rishor amends his ineffective assistance argument to impugn two other aspects of his counsel's performance. First, he argues that his counsel performed deficiently by ignoring the fact that the possession of 5 to 20 grams of methamphetamine to which Mr. Rishor pleaded was not factually supported by the record. (Reply at 2.) As discussed above, Mr. Rishor pleaded to a greater amount than

ORDER - 6

he was shown to possess in exchange for not being sentenced as a career offender, and that bargain reduced his possible sentence. *See supra* § III.B. Having enjoyed the benefit of that bargain, Mr. Rishor cannot now argue that the decision somehow represented a failure on the part of his counsel.

Next, Mr. Rishor depicts as deficient his counsel's failure to challenge Mr. Rishor's other underlying robbery convictions as "being deemed to[o] broad to fall into the category of violent offenses." (Reply at 2.) Mr. Rishor bases this theory on the recent line of cases stemming from the Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (*Id.*) Those cases have invalidated a multitude of career offender designations on the grounds that the predicate offenses for those enhancements resulted from an unconstitutionally vague and overbroad statutory scheme. But the court entered Mr. Rishor's plea nearly four years before the Supreme Court issued *Johnson*, and Mr. Rishor has made no showing that his counsel could have or should have foreseen that development at the time.

The court concludes that Mr. Rishor's ineffective assistance of counsel claim lacks merit. Having rejected all three bases raised in Mr. Rishor's motion and reply brief, the court denies Mr. Rishor's Section 2255 petition.

E.     **Certificate of Appealability**

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has recognized that the "substantial showing" standard for a certificate of appealability is relatively low. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A

certificate of appealability should be granted for any issue that petitioner can demonstrate is debatable among jurists of reason, could be resolved differently by a different court, or is adequate to deserve encouragement to proceed further. *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Further, the court must resolve doubts about the propriety of a certificate of appealability in the petitioner's favor. *Id*.

Here, Mr. Rishor has not made a substantial showing of the denial of a constitutional right. As the court concluded above, factual and legal issues preclude Mr. Rishor's various claims. None of those claims is debatable among jurists of reason, could be resolved differently by a different court, or deserves encouragement to proceed further. Thus, Mr. Rishor has failed to make the showing necessary under 28 U.S.C. § 2253(c)(2), and the court DENIES Mr. Rishor a certificate of appealability.

## IV. CONCLUSION

The court has liberally construed Mr. Rishor's motion and rejected all of the bases that Mr. Rishor argues entitle him to relief. For the reasons stated herein, the court DENIES Mr. Rishor's motion under 28 U.S.C. § 2255 (Dkt. # 1) and DENIES a certificate of appealability.

Dated this 8th day of December, 2016.

JAMES L. ROBART
United States District Judge

ORDER - 8